IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| PROGRESSIVE MEDICAL CENTER, INC., | : : : | |
| Plaintiff, | : : | |
| vs. | : : : | CIVIL ACTION NO. 1:14-CV-0565-CC |
| AETNA, INC., AETNA HEALTH, INC. and AETNA HEALTH INSURANCE COMPANY, | : : : : : | |
| Defendants. | : | |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Progressive Medical Center, Inc.'s Request for Entry of Default by the Clerk Against Defendants Aetna Health, Inc. and Aetna Health Insurance Company (the "Request for Entry of Default") [Doc. No. 7] and Defendants Aetna Health, Inc. and Aetna Health Insurance Company's Motion for Extension of Time to Respond to Plaintiff's Complaint (the "Motion for Extension of Time") [Doc. No. 10]. For the reasons stated below, the Court denies the Request for Entry of Default and grants the Motion for Extension of Time.

**I.　BACKGROUND**

On February 26, 2014, Plaintiff Progressive Medical Center, Inc. ("Plaintiff") commenced this action with the filing of its Complaint against Defendants Aetna, Inc., Aetna Health, Inc. and Aetna Health Insurance Company. (Doc. No. 1.) On that same day, Plaintiff served Defendants Aetna Health, Inc. and Aetna Health Insurance Company (collectively referred to herein as "Aetna Health"), making their answer or other response to the Complaint due on or before March 19, 2014. (Doc. Nos. 2, 3.) As of March 26, 2014, Aetna Health had not responded to the Complaint, which prompted Plaintiff to request that the Clerk of Court enter default against these parties. (Doc. No. 7.) The next day, Aetna Health filed the Motion for

Extension of Time. (Doc. No. 10.) On March 31, 2014, Aetna Health filed an Answer to the Complaint. (Doc. No. 12.) The parties have fully briefed the Motion for Extension of Time, and the Court resolves in this Order the Request for Entry of Default and the Motion for Extension of Time.

## II. STANDARD

Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B),[1] the Court has discretion to extend time limits or deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." The Supreme Court has designated four factors that a court should consider to determine whether a late filing may constitute excusable neglect. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd., 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). These factors include the following: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id.

Federal Rule of Civil Procedure 55(c) permits the court to "set aside an entry of default for good cause."[2] There is no "precise formula" for determining whether good cause exists, but courts typically consider the following factors in determining whether to set aside a default: (1) whether the default was culpable or willful; (2) whether setting the default aside would prejudice the adversary; (3) whether the

---

[1] In Plaintiff's Brief in Opposition to Defendants' Motion for Extension of Time to Respond to Plaintiff's Complaint [Doc. No. 14], Plaintiff's analysis focuses on Federal Rule of Civil Procedure 60(b)(1), which addresses relief from a judgment or order. Here, no default *judgment* has been entered or even requested. Plaintiff has requested entry of default, but even that request remains pending before the Court. Therefore, Rule 60 does not apply, and Plaintiff's reliance on this rule is misplaced.

[2] As mentioned supra, the clerk has not entered a default in this case. However, insofar as Aetna Health did not respond to the Complaint in a timely manner, Aetna Health arguably is in default status.

defaulting party presents a meritorious defense; and (4) whether the defaulting party acted promptly to correct the default." Reddish v. City of Alabany, No. 1:12–CV–148 (WLS), 2013 WL 1901324, at *1 (M.D. Ga. May 7, 2013) (citing Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir.1996)).

### III. ANALYSIS

In the case at bar, the Court first finds that there is no danger of prejudice to Plaintiff. "[P]rejudice is not established merely be showing that the litigation will go forward absent default." Thompson Bldg. Wrecking Co., Inc. v. Augusta, Ga., No. CV 108-019, 2008 WL 899605, at *1 n.1 (Apr. 2, 2008). Moreover, "[d]elay in adjudicating a plaintiff's claim does not qualify as sufficient prejudice under Rule 55. Instead, [a plaintiff] would have to show that the delay would result in a loss of evidence, increased opportunities for fraud, or discovery difficulties." Sun Trust Bank v. Armsey, No. 09–80606–CIV, 2010 WL 731802, at *2 (S.D. Fla. Feb. 26, 2010) (quoting Burrell v. Henderson, 434 F.3d 826, 835 (6th Cir. 2006)). Here, at the time that Aetna Health moved for an extension of time to respond to the Complaint, the case had been pending only one month and one day. Moreover, one defendant in the case, Aetna, Inc., still has not been served with process. Aside from arguing the merits of the case and suggesting that it would be unfair for Plaintiff to have to litigate the merits of the case fully, Plaintiff has not offered the Court any basis for a finding that Plaintiff would be prejudiced if the Court accepted the filing of Aetna Health's untimely Answer. Indeed, the Eleventh Circuit has made it clear that there is a "strong policy of determining cases on their merits." Florida Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993). Accordingly, this first factor weighs in favor of setting aside any technical default and allowing Aetna Health's requested extension.

Second, the length of the delay caused by Aetna Health's initial failure to

respond to the Complaint was minimal. Aetna Health contacted Plaintiff's counsel on March 25, 2014, only seven days after the Answer should have been filed, to request a short extension of time to respond to the Complaint. Aetna Health then filed the Motion for Extension of Time only nine days after the Answer should have been filed and only one day after Plaintiff requested the entry of default. Further, Aetna Health proceeded to file their Answer on March 31, 2014, only twelve days after it should have been filed. Aetna Health acted promptly to address its failure to respond to the Complaint timely.

With respect to the third factor, the reason for the delay, the Court finds that Aetna Health was negligent in failing to respond to the Complaint in a timely manner. In this regard, Aetna Health represents that it inadvertently and accidentally failed to respond to Plaintiff's Complaint in a timely manner due to human error as a result of excusable neglect. Specifically, Paul Weller, an in-house attorney for Aetna Health, has submitted an affidavit in which he attests that he became aware of the instant lawsuit on February 27, 2014, but inadvertently failed to review the complaint to further assign the case to the appropriate attorney within Aetna Health's law department until the afternoon of March 21, 2014, when he first discovered that he had failed to do so previously. (Affidavit of Paul Weller [Doc. No. ] ¶¶ 7-9.) During the period between February 27, 2014, and the due date for Aetna Health's response, Mr. Weller had been out of town for several days due to business meetings, hearings, and jury duty. (Id. at 11.) Upon discovering the error, Mr. Weller assigned the case to the appropriate in-house Aetna Health Attorney on March 24, 2014, and that attorney then contacted outside counsel the following day. (Id. at ¶ 10.) While the Court finds that negligence was the cause of Aetna Health's failure to respond to Plaintiff's Complaint in a timely manner, the Court's consideration of all the relevant circumstances leads the Court to conclude that the "excusable neglect" doctrine encompasses the circumstances presented in this case.

See Cheyney v. Anchor Glass Container Corp., 71 F.3d 848, 850 (11th Cir. 1996) (finding excusable neglect where a delayed filing was due to the carelessness of an attorney and the attorney's "innocent oversight"); cf. Vega v. Invsco Group, Ltd., No. 6:08–cv–1915–Orl–18DAB, 2009 WL 413596, at *2 (M.D. Fla. Feb. 18, 2009) (granting a defendant leave to file an answer to a complaint out of time, even though the conduct of the defendant "was more neglectful than 'excusable neglect' generally entails").

Fourth, Aetna Health has not acted in bad faith or culpably. Aetna Health represents that their failure to respond in a timely manner was due simply to human error, and the evidence supports that representation. Aetna Health acted quickly to rectify their misstep in not responding to the Complaint in a timely manner, including attempting multiple times to resolve this matter with Plaintiff's counsel and avoid motion practice.[3] The Court acknowledges, as has another district court in the Eleventh Circuit, "that there is in fact no requirement for professional courtesy in the rules governing requests for default." Thompson Bldg. 2008 WL 899605, at *1. Still, while Plaintiff may have been justified in requesting an entry of default and not consenting to an extension of time for Aetna Health to respond to the Complaint,

---

[3] While the Court's decision herein is based solely on the findings and conclusions set forth in the body of this Opinion and Order, the Court notes that the only party that has arguably acted in bad faith thus far in the litigation is Plaintiff. The evidence of record shows that Plaintiff has misrepresented the time within which counsel for Aetna Health contacted Plaintiff's counsel seeking a small extension of time to respond to the Complaint and totally failed to acknowledge the communication exchanges that occurred between Plaintiff's counsel and Aetna Health's counsel both prior to and following Plaintiff's filing of the Request for Entry of Default. Moreover, Plaintiff did not take care to correctly state the date on which it filed its Request for Entry of Default, and the Court opines that Plaintiff might have discovered this error if Plaintiff had taken more time to accurately represent the events and communications that preceded the filing of the Request for Entry of Default. Plaintiff's specific misrepresentations are accurately detailed in Aetna Health's Reply Brief in Support of Defendants' Motion for Extension of Time to Respond to Complaint [Doc. No. 16], and the Court need not repeat those details here.

- 5 -

there can be no serious dispute as to Aetna Health's good faith prior to realizing their inadvertent error and the good faith demonstrated by Aetna Health since Aetna Health became aware the inadvertent error.

Finally, to the extent that the Motion for Extension of Time should be construed as a motion to set aside default, although no default has been entered, the Court considers the additional factor that Aetna Health has asserted several meritorious defenses in their Answer.  In making this finding, the Court notes that "likelihood of success is not the measure."  Armsey, No. 5:11–cv–175–Oc–32TBS, 2010 WL 731802, at *2 (citation and internal marks omitted).  Rather, "a defense is meritorious if it contains even a hint of suggestion which, if proven at trial, would constitute a complete defense."  James v. Progress Energy Florida, Inc., No. 5:11–cv–175–Oc–32TBS, 2011 WL 3585816, at *2 (M.D. Fla. Aug. 16, 2011) (citations and internal marks omitted).  Regardless of whether Aetna Health ultimately will be able to prevail on these defenses, it is sufficient at this stage of the litigation that Aetna Health has raised the defenses.

### IV. CONCLUSION

Based on the foregoing, the Court exercises its discretion to allow Aetna Health to file its Answer out of time.  The Court hereby **DENIES** the Request for Entry of Default [Doc. No. 7] and **GRANTS** the Motion for Extension of Time [Doc. No. 10].

The Court **DIRECTS** the parties to file a Joint Preliminary Report and Discovery Plan within thirty (30) days from the date of this Opinion and Order.

SO ORDERED this 27th day of October, 2014.

*s/ CLARENCE COOPER*

CLARENCE COOPER
SENIOR UNITED STATES DISTRICT JUDGE